UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES M. WELDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-422 |
| | ) | (JARVIS/GUYTON) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for judgment on the administrative record [Doc. 7], and the defendant's motion for summary judgment. [Doc. 12]. Plaintiff also filed a reply. [Doc. 14]. Plaintiff James M. Welden seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's ischemic heart disease and retina disorder are considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: perform light work; stand/walk/sit about 6 hours during an 8-hour workday with normal breaks.

7. The claimant's past relevant work as construction superintendent did not require the performance of work-related activities precluded by his residual functional capacity (20 C.F.R. § 404.1565).

8. The claimant's medically determinable ischemic heart disease and retina eye disorder do not prevent the claimant from performing his past relevant work.

9. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. § 404.1520(f)).

(Tr. 17).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

First, plaintiff argues that the ALJ failed to consider the entire record, the combined effect of his impairments in determining whether he had a listing impairment, and his statements regarding his limitations. Moreover, he insists that "the decision does not contain an assessment of [his] ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" and asserts that the ALJ's residual functional capacity ("RFC") finding for light[1] work is not supported by the record. (Tr. 12-18). Plaintiff also argues that the ALJ improperly discounted treating physician Dr. McKenzie's opinion that he can lift no more than 10 pounds and can walk only on flat ground, stating that Dr. McKenzie only manages plaintiff's medication and that he based his opinion on subjective statements of the plaintiff. Finally, plaintiff asserts that the ALJ failed to obtain vocational expert ("VE") testimony and failed to address with the VE the combined effect of his limitations, especially his severe eye impairment.

The Commissioner contends that substantial evidence supports the ALJ's decision that plaintiff could perform his past work as a construction superintendent. She argues that the plaintiff fails to explain what evidence the ALJ did not consider or what evidence would have

---

[1] Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. See 20 C.F.R. § 404.1567(b).

3

supported his claim of disability, noting that the ALJ stated that he had reviewed "all of the evidence of record" (Tr. 12) and gave "careful consideration of the entire record." (Tr. 17). With regard to the ALJ's credibility analysis, the Commissioner points out that the ALJ considered and discussed the plaintiff's medical records, including his treatment history, medications, their side effects, and adjustments, as well as plaintiff's daily activities. Next, the Commissioner asserts that the ALJ did not err in the weight assigned Dr. McKenzie's opinion that plaintiff could perform basically sedentary[2] work, noting that relatively benign test results, examinations, and the opinions of his treating cardiologist for his heart condition are contrary to Dr. McKenzie's opinion. In May 2004, cardiologist Dr. Gentry reported that plaintiff needed to wait only three weeks before returning to work and further advised plaintiff not to exert more than 50 pounds of force. (Tr. 268). Moreover, the Commissioner points out that state agency, reviewing physician Dr. Gulbenk's opinion that plaintiff could perform medium[3] work contradicted Dr. McKenzie's opinion. Lastly, the Commissioner points out that contrary to the plaintiff's assertions, the ALJ did question the VE, and explains that the ALJ was not required to pose a hypothetical question to the VE regarding plaintiff's limitations because he made a Step 4 finding.

---

[2]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary to carry out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

[3]Medium work is defined as involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

The ALJ is charged with the responsibility to determine what medical restrictions a plaintiff is under and how such restrictions affect his RFC. Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 247 (6th Cir. 1987). He then compares the plaintiff's RFC with the requirements of his past work, and if the plaintiff's past job does not require him to perform activities in excess of his RFC, the plaintiff will be found not disabled. See 20 C.F.R. §§ 404.1520(e), 404.1560(b). Plaintiff has the burden of proving he can no longer perform his past relevant work. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 109 (6th Cir. 1989).

I find that plaintiff has not met his burden in this case. With regard to whether the ALJ considered plaintiff's impairments in combination, the ALJ stated:

> The medical evidence indicates that the claimant has ischemic heart disease and a retina eye disorder, impairments that are "severe" within the meaning of the Regulations but consistent with the unrefuted determinations of designated physicians not "severe" enough to meet or medically equal, <u>either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4</u>. No specific argument has been raised in support of disability at this Step.

(Tr. 14) (emphasis added), thereby indicating that he had considered plaintiff's impairments in combination. Furthermore, I find no merit to plaintiff's argument that the ALJ did not consider the entire record because the ALJ stated that he had reviewed "all of the evidence of record" (Tr. 12) and had given "careful consideration of the entire record." (Tr. 17). Thus, these issues are without merit.

Although Dr. McKenzie was plaintiff's treating family physician, his opinion on the ultimate issue of disability was properly discounted by the ALJ, 20 C.F.R. § 404.1527(e)(1) (issue

5

of whether plaintiff is disabled is within province of the ALJ), and his opinion of no more than sedentary work is clearly contrary to the record evidence. (Tr. 16) Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir. 1993); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 857 (6th Cir. 1990) (treating physician opinion given greater weight only if it is well supported by medically acceptable clinical and diagnostic techniques and is consistent with the remainder of the evidence). As the ALJ noted, even plaintiff's treating heart physicians did not limit him to the extent Dr. McKenzie did. (Tr. 16). In May 2004, following a heart attack, Dr. Gentry noted that the cardiac catheterization the previous month was successful and that plaintiff needed to wait three weeks before returning to construction work and was advised to exert no more than 50 pounds of force. (Tr. 268). Also, state agency, reviewing physician Dr. Gulbenk found that plaintiff could even perform medium work, (Tr. 16, 212-19) 20 C.F.R. § 404.1527(f)(2)(i) ("State agency medical and psychological consultants and other program physicians or psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation"), and consultative examiner Dr. Johnson found that plaintiff had only moderate standing, walking, and lifting restriction, with the ability to sit for 6 hours out of an 8-hour workday. (Tr. 15, 207-10) Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420, 1428 (1971) (a written report of a consultant physician who has examined the claimant can constitute substantial evidence).

With respect to the ALJ's credibility determination, I also find no error. The ALJ reviewed the medical opinions and various heart test results, as well as the plaintiff's daily activities, in making his credibility determination. (Tr. 14-16). The ALJ noted that plaintiff had the ability to care for his personal needs, drive his car, attend church, and go shopping and stated that plaintiff's

"ability to perform such a variety of daily activities tends to negate the credibility of [plaintiff's] subjective complaints, especially the degree of pain he maintained he experiences." (Tr. 16) Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987) (determinations of credibility relate to subjective complaints rest with the ALJ). Moreover, as the ALJ noted, state agency physician Dr. Gulbenk found that plaintiff could perform even medium work. (Tr. 16, 213).

Lastly, I find no merit to the plaintiff's challenge regarding the lack of VE testimony. Contrary to plaintiff's assertions, the VE **did** testify at the ALJ's request in order to classify the plaintiff's past work and classified his past work as a construction superintendent as light work. (Tr. 17, 361) See Walker v. Secretary of Health and Human Services, 884 F.2d 241, 245 (6th Cir. 1989) (VE's testimony may be considered in outlining the demands of a claimant's past work and in assessing whether a claimant can perform his past work). Plaintiff's challenge to the VE's testimony regarding any lack of consideration of his impairments is relevant **only** if the ALJ proceeds to a finding at Step 5 and relies on responses to a hypothetical question, which the ALJ did not do in this case. Key v. Callahan, 109 F.3d 270, 274 (6th Cir. 1997) (VE testimony not required to find a claimant can perform his past relevant work). Therefore, plaintiff's argument regarding the lack of any VE testimony and any Step 5 finding is without merit.

Accordingly, it is hereby **RECOMMENDED**[4] that the plaintiff's motion for judgment on the administrative record [Doc. 7] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 12] be **GRANTED**.

                                                Respectfully submitted,

                                                  s/H. Bruce Guyton
                                            United States Magistrate Judge

---

[4]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).